IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-2811-GPG-NRN

URBAN INTERESTS LLC, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.

FLUID MARKET INC.,
FLUID FLEET SERVICES LLC,
HHK VEHICLES, INC.,
JAMES EBERHARD,
JENIFER SNYDER, and
THOMAS SCOTT AVILA,

    Defendants.

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Urban Interests LLC ("Plaintiff") submits its Motion for Leave to File its Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). In accordance with D.C.COLO.LCivR 15.1(b), the redlined Second Amended Complaint ("SAC") is appended as **Exhibit 1**.

### CERTIFICATE OF CONFERRAL

Undersigned counsel conferred by Zoom on April 10, 2025, with counsel for Defendants. Counsel for Defendants HHK Vehicles, Inc., James Eberhard, and Jenifer Snyder **do not oppose** the relief sought in Plaintiff's Motion. Counsel for Defendant Thomas Avila **does not oppose** the relief sought in Plaintiff's Motion. Counsel for

Defendants Fluid Market Inc. and Fluid Fleet Services LLC takes no position on the Motion.[1]

## RELEVANT FACTS

1. Plaintiff filed its class action complaint against Defendants Fluid Market Inc., Fluid Fleet Services, LLC (collectively "Fluid Truck"), James Eberhard, Jennifer Snyder, and Thomas Avila on October 10, 2024. Dkt. No. 1.

2. Plaintiff brings this putative class action to recover the funds Defendants stole from Plaintiff and hundreds of others similarly situated to Plaintiff. Plaintiff asserted five claims for relief: (1) Fraud; (2) Civil Theft; (3) Conversion; (4) Money Had and Received; (5) Injunctive and Declaratory Relief. Dkt. No. 1.

3. On October 28, 2024, Fluid Truck filed a Notice of Commencement of Chapter 11 Cases and Automatic Stay pursuant to Section 362 of the Bankruptcy Code. Dkt. No. 12.

4. On January 9, 2025, Plaintiff filed its First Amended Complaint (FAC) adding claims against Defendant HHK Vehicles Inc. (HHK).[2] Dkt. No. 33.

5. After filing the FAC the parties served their respective Fed. R. Civ. P. 26(a)(1)(A) initial disclosures.

6. Plaintiff has served written discovery requests on each non-debtor Defendant.

---

[1] All claims against Fluid Truck are currently subject to the automatic stay because of Fluid Truck's bankruptcy petitions. *See* Dkt. No. 12.

[2] Plaintiff originally named HHK Group, LLC as the defendant. Following conferral with counsel, Plaintiff substituted HHK Group, LLC with HHK Vehicles, Inc.

7. Plaintiff has served document subpoenas on third parties including Kingbee Rentals, LLC; Manheim Inc.; Paladin Management Group, LLC; Brennan Dupree; US Bank; Teodora Frunza; Bison Capital Asset Management, LLC.

8. Plaintiff received tens of thousands of documents in response to its subpoenas.

9. Plaintiff took the deposition of former Fluid Truck employee Brennan Dupree on April 2, 2025.

10. The deadline to join parties or amend pleadings is April 14, 2025. Dkt. No. 54.

11. Using the information learned in discovery after the FAC was filed, Plaintiff seeks to amend its factual allegations and claims against the non-debtor Defendants to add detailed allegations against each non-debtor defendant in the SAC. **Exhibit 1.**

12. The SAC also adds Defendant Avila's company Paladin Management Group, LLC ("Paladin") as a Defendant and asserts a claim for Civil Theft and Conversion against it. *Id.* ¶¶ 109-137.

## Legal Standard

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The party contesting the motion to amend has the burden of

proving that the amendment should be refused on one of these bases. *Sands v. Integon Nat'l Ins. Co.*, No. 18-CV-00714-PAB-NYW, 2018 WL 4906321, at *2 (D. Colo. Sept. 19, 2018), report and recommendation adopted, No. 18-CV-00714-PAB-NYW, 2018 WL 4899176 (D. Colo. Oct. 9, 2018).

## Argument

The Court should grant Plaintiff's Motion. First, no party opposes Plaintiff's Motion. Second, the SAC is filed prior to the deadline to amend or join parties, and justice requires that Plaintiff have the opportunity to fully assert its claims. Dkt. No. 54. Third, the changes in the SAC are based on information learned through discovery after the FAC was filed, and with the close of discovery not being until January 10, 2026, Defendants will have over eight months to conduct discovery on Plaintiff's amended claims. Dkt. No. 31, p. 12. Fourth, there is no claim from any party of undue delay, undue prejudice, bad faith, dilatory motive, or failure to cure deficiencies by amendments previously allowed. Accordingly, Plaintiff respectfully requests that the Court grant its Motion.

## CONCLUSION

For the foregoing reasons, and for any other reason this Court may find just, Plaintiff respectfully moves that this Court grant its Motion for Leave to File the Second Amended Complaint in the form attached as **Exhibit 1** (with all red-lines accepted).

Dated this 14th day of April, 2025

                                                Respectfully submitted,

*/s/ David C. Holman*
David C. Holman
John K. Crisham
Christopher T. Carry
CRISHAM & HOLMAN LLC
2549 West Main Street, Suite 202
Littleton, Colorado 80120
Telephone: (720) 739-2176
E-mail: Dave@crishamholman.com
E-mail: John@crishamholman.com
E-mail. Chris.Carry@crishamholman.com

*Attorneys for Plaintiff Urban Interests LLC*

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of April, 2025, a true and correct copy of the foregoing document was filed via this Court's CM/ECF filing system and served on all counsel of record.

/s/ *Amanda Turney*